IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

 ORIGINAL

Jeffery **Felton**

   -against-

**Local Union 804, International Brotherhood of
Teamsters** & Eddie **Villalta**, Danny **Montalvo**, Kirk
**Shocker**, Joe **Forcelli**, Mark **Johnson**, and Joshua S.
**Pomeranz.** &

**United Parcel Service (UPS)** & John **Reinwald,**
Kenneth **Klein**, Hector **Sanchez**, Roberto **Vargas**,
Dan **Daly**, and ~~Mike~~ **Hoffman**
        (J.F.) Mack

**Complaint for Employment
Discrimination**

Ca e No. CV17 - 2309

Jury Trial:      Yes

DONNELLY, J.

LEVY, M.J.

RECEIVED
APR 12 2017
PRO SE OFFICE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |  |
|---|---|---|
| Name | Jeffery **Felton** | |
| Street Address | PO Box 1038 | |
| City and County | Bethlehem | Northampton County |
| State and Zip Code | PA, 18016 | |
| Telephone Number | 347-228-0943 | |
| E-mail Address | jfelton1@rcn.com | |

### B.    The Defendant(s)

Defendant No. 1

|  |  |  |
|---|---|---|
| Name | Eddie **Villalta** | |
| Job or Title | Union President/Panel Member | |
| Street Address | 34-21 Review Avenue | |
| City and County | Long Island City | Queens County |
| State and Zip Code | New York, 11101 | |
| Telephone Number | 718-786-5700 | |
| E-mail Address | e.villalta@teamsterslocal804.org | |

Defendant No. 2

|  |  |  |
|---|---|---|
| Name | Danny **Montalvo** | |
| Job or Title | Vice President/Panel Member | |
| Street Address | 34-21 Review Avenue | |
| City and County | Long Island City | Queens County |
| State and Zip Code | New York, 11101 | |
| Telephone Number | 718-786-5700 | |
| E-mail Address | d.montalvo@teamsterslocal804.org | |

Defendant No. 3

|  |  |
|---|---|
| Name | Kirk **Shocker** |
| Job or Title | Business Agent/Panel Member |
| Street Address | 34-21 Review Avenue |
| City and County | Long Island City    Queens County |
| State and Zip Code | New York, 11101 |
| Telephone Number | 718-786-5700 |
| E-mail Address | k.shocker@teamsterslocal804.org |

Defendant No. 4

(J. F.)

|  |  |
|---|---|
| Name | Joe ~~Jose~~ **Forcelli** |
| Job or Title | Business Agent/**Felton** Representative |
| Street Address | 34-21 Review Avenue |
| City and County | Long Island City    Queens County |
| State and Zip Code | New York, 11101 |
| Telephone Number | 718-786-5700 |
| E-mail Address | j.forcelli@teamsterslocal804.org |

Defendant No. 5

|  |  |
|---|---|
| Name | Mark **Johnson** |
| Job or Title | Union Representative |
| Street Address | 34-21 Review Avenue |
| City and County | Long Island City    Queens County |
| State and Zip Code | New York, 11101 |
| Telephone Number | 718-786-5700 |
| E-mail Address | m.johnson@teamsterslocal804.org |

Defendant No. 6

|  |  |
|---|---|
| Name | Joshua S. **Pomeranz** |
| Job or Title | Union Attorney |
| Street Address | 25 W. 18th Street |
| City and County | New York    Manhattan County |
| State and Zip Code | New York, 10011 |
| Telephone Number | 212-388-3698 |

3

E-mail Address     Unknown

Defendant No. 7

|  |  |
|---|---|
| Name | John **Reinwald** |
| Job or Title | Div. Manager |
| Street Address | 643 West 43rd Street |
| City and County | New York    Manhattan County |
| State and Zip Code | New York 10036 |
| Telephone Number | 917-747-4841 |
| E-mail Address | jreinwald@ups.com |

Defendant No. 8

|  |  |
|---|---|
| Name | Dan **Daly** |
| Job or Title | Labor Manager |
| Street Address | 643 West 43rd Street |
| City and County | New York    Manhattan County |
| State and Zip Code | New York 1 |
| Telephone Number | 212 |
| E-mail Address | dandaly@ups.com |

Defendant No. 9

|  |  |
|---|---|
| Name | Kenneth **Klein** |
| Job or Title | Business Manager |
| Street Address | 10401 Foster Avenue |
| City and County | Brooklyn    Kings County |
| State and Zip Code | New York, 11236 |
| Telephone Number | 718-270-7809 |
| E-mail Address | Unknown |

Defendant No. 10

|  |  |
|---|---|
| Name | Hector **Sanchez** |
| Job or Title | On-Car Supervisor |
| Street Address | 10401 Foster Avenue |
| City and County | Brooklyn    Kings County |

4

| | |
|---|---|
| State and Zip Code | New York, 11236 |
| Telephone Number | 718-270-7809 |
| E-mail Address | Unknown |

Defendant No. 11

| | |
|---|---|
| Name | Roberto **Vargas** |
| Job or Title | Pre-Load Supervisor |
| Street Address | 10401 Foster Avenue |
| City and County | Brooklyn    Kings County |
| State and Zip Code | New York, 11236 |
| Telephone Number | 718-270-7809 |
| E-mail Address | Unknown |

Defendant No. 12

| | |
|---|---|
| Name | ~~Mike~~ **Hoffman**  Mack (J.F.) |
| Job or Title | Labor Manager |
| Street Address | |
| City and County | New York    Manhattan County |
| State and Zip Code | New York, 1 |
| Telephone Number | 212 |
| E-mail Address | Unknown |

Defendant No. 13

| | |
|---|---|
| Name | **Corporation Service Company** |
| Job or Title | UPS General Service Company |
| Street Address | 80 State Street |
| City and County | Albany    Albany County |
| State and Zip Code | New York, 12207-2543 |
| Telephone Number | 404-828-7825 |
| E-mail Address | thooper@ups.com |

5

Defendant No. 14

| | |
|---|---|
| Name | **Local Union 804, International Brotherhood of Teamsters** |
| Job or Title | Labor Union |
| Street Address | 34-21 Review Avenue |
| City and County | Long Island City    Queens County |
| State and Zip Code | New York, 11101 |
| Telephone Number | 718-786-5700 |
| E-mail Address | e.villalta@teamsterslocal804.org |

## C.    Place of Employment

| | |
|---|---|
| Name | **United Parcel Service (UPS)** |
| Street Address | 10401 Foster Avenue |
| City and County | Brooklyn    Kings County |
| State and Zip Code | New York, 11236 |
| Telephone Number | 718-270-7809 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: To sue in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

**X**    Other federal law

**Labor Management Relations Act: Title §301 (29 U.S.C. §185)**

**X**    Relevant state law

§105.05, **Conspiracy**, §170.05, §**Forgery**, 210.15 §**Perjury**, 215.10, §**Tampering with a witness**, and §215.40, **Tampering with physical evidence**, (as defined in the **NYS Penal Law**)

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

**X**    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

**X**    Unequal terms and conditions of my employment.

**X**    Retaliation.

**X**    Other acts.    Employee Discrimination

*(Note: Only those grounds raid in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

7

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

**May 2013** through **September 27, 2016**

C.    I believe that defendant(s) *(check one)*:

       **X**      is/are still committing these acts against me.

       ☐      is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

       **X**      race <u>most employee affected in this manner are minorities</u>

       **X**      color <u>Black and Hispanic</u>

       ☐      gender/sex _____

       ☐      religion _____

       ☐      national origin _____

       ☐      age. My year of birth is _____

       ☐      disability or perceived disability_____

E.    The facts of my case are as follows.

On **January 4, 2016**, Mr. Jeffery **Felton** was wrongfully discharged for taking his package car keys home after a load supervisor identified as Hector **Sanchez** instructed Mr. **Felton** to *"hold on to his package car keys"*. Later when Hector **Sanchez** was asked by his own supervisor Dan **Daly,** if he had given Mr. **Felton** permission to hold on to his package car keys. Hector **Sanchez** simply lied and stated he <u>did not</u> have a conversation with Mr. **Felton** regarding package car keys. See **(Exhibit: B, page 16)** Mr. **Felton**'s **entire** case depended on his union representative defending Mr. **Felton** by showing all evidence surrounding package car keys that could have exonerated him.

On **September 27, 2016**, **Sanchez** falsely testified and read a typed statement at the Arbitration hearing that he had a conversation with Mr. **Felton** regarding package car keys and that he instructed Mr. **Felton** to *"leave the keys"*.

On **December 30, 2015**, Mr. Jeffery **Felton** approached Hector **Sanchez** and asked him to call Kenny **Klein** to find out where should he leave his **package car** and his **package car keys** so that his package car is **not** accidently dispatched to another driver that following day. See **(Exhibit: A, page 6 & 10)** **Sanchez** informed Mr. **Felton** that he was not going to call **Klein** and that he should just *"hold on to his keys"*. He further informed Mr. **Felton** that since he would only have **25 – 30** stops to make. He could park his package car **outside** and in the morning, he could bring his package car **back inside** and whatever load he was going to do he could <u>off load</u>

it, pull the car out, pull his car in and <u>load up</u> his package car and that would be no problem. See (**Exhibit: B, page 11**)

Mr. **Felton** <u>**never**</u> said that **Sanchez** told him to "*take the package car keys **home***" Mr. **Felton** said **Sanchez** told him to "*just hold on to it*" See (**Exhibit: B, page 14**) If Mr. **Felton** would have gone to the bathroom, he would have been holding on to the keys. **If** Mr. **Felton** had gone to the store that evening, he still would have been holding on to his keys. And when Mr. **Felton** went home that evening and returned that next morning he was still holding on to his package car keys. It was **not** unusual for drivers to take package car keys home. Mr. **Felton** and management knew about it so when Mr. **Felton** took his package car keys home that evening he didn't give it a second thought. Why would **anyone** on a last chance agreement deliberately take package car keys home and then the next morning tell the truth about what happened if he thought he would be discharged for it? See (**Exhibit B, Antoine transcript page 8**) Mr. **Felton** could have just as easy said it was an accident and this incident would not have occurred. **Sanchez**, had no idea that John **Reinwald** would discharge Mr. **Felton** over this incident and to protect himself he **lied**.

Hector **Sanchez** stated during a recorded meeting which was held on **January 4, & 18, 2016**, that he "*never had a conversation regarding package car keys with Mr. Felton*" See (**Exhibit: A, page 6**) and (**Exhibit: B, page 12 & 16**) and <u>seven months later</u> **Sanchez** would submit an unsigned, and undated statement stating that he did have a conversation regarding keys and that he told Mr. **Felton** to "*leave the keys*" See (**Exhibit: E**) On **January 18, 2016, Sanchez** stated that if Mr. **Felton** would've said to him, "*call up **Kenny** and ask him what to do with the keys*", he would've said to Mr. **Felton** "*what does **Kenny** normally tell me to do with the keys? If **Kenny** tells me to put them over there, Mr. **Felton** would have to put them over there or whatever*" See (**Exhibit: B, page 12**) While talking to **Antoine**, **Sanchez** indicated that he wanted Mr. **Felton** to "*put them in the truck. put them in the truck*" (**them**=*Package car keys*) See (**Exhibit: A, page 12**) Overall, Hector **Sanchez** changed his account of what he said and/or didn't say **4 times** regarding the conversation(s) regarding package car keys with Mr. **Felton**. Mr. **Felton** had requested that this information be made available in the opening statement but **local 804** refused. If this information had been put in **Local 804**'s opening statement and if the **Arbitrator** would have had this knowledge it would have made a difference in his decision.

On **September 27, 2016**, Dan **Daly** <u>falsely</u> informed the **Arbitrator** that Mr. **Felton** was discharged on **May 20, 2015**, for "*not using his customer home keys*".

On **May 20th, 2015**, Mr. **Felton** was wrongfully discharged and walked off the job for (**unknown** reason(s). UPS informed Mr. **Felton** that "*he was being **discharged** for not using his **customer house keys** during an **OJS** with supervisor Jude **Francis** which had occurred on May 19th, 2015*", See (**Exhibit: B, page 3**) (There is **no** UPS regulation(s) regarding the use of any customer home keys) Then **UPS** falsely informed the **NYS Department of Labor** that "*Mr. Felton was discharged for leaving a package unsecured in the lobby of an apartment building on May 19th, 2015*," even though Mr. **Felton** was instructed to do so by his **OJS** supervisor Jude **Francis** On **May 20th, 2015**. Kenneth **Klein** informed John **Reinwald** <u>via</u>: e-mail that "*he discharged Mr. **Felton** on May 20th, 2015, after Mr. **Felton** failed to answer a **hypothetical** question during a meeting with Kenneth **Klein** to discuss the previous days OJS*". The Last Chance Agreement that Mr. **Felton** signed **August 26, 2015**, stated that "*Mr. **Felton** was to be*

9

*discharged on May 20th, 2015, for his ongoing egregious overall record*" All in all, **UPS** gave **4 different reasons** for discharging Mr. **Felton** on **May 20th, 2015**, and <u>none</u> of them were justifiable. Mr. **Felton** was never issued a notice of discharge describing why he was discharged, his discharge was never mentioned in his record, never mention on any official notice, and never mentioned on his <u>Employee Disciplinary History</u>. Mr. **Felton** was **not** allowed to stay on the job as stated in Article 12 section 1 & 2.

On **September 27, 2016**, **Local 804** knew that Mr. **Felton** had been discharge on **May 20, 2015**, for no clear reason and yet they never provided this information in their opening statement even though Mr. **Felton** had insisted that this information be included as part of his defense. **Local 804**, never rebut **UPS**'s misleading facts surrounding Mr. **Felton**'s **May 20, 2015**, wrongful discharge and if the **Arbitrator** had heard this information it would have made a difference in his decision.

On **September 27, 2016**, Roberto **Vargas** submitted a typed statement and testified at the Arbitration hearing that he had told Mr. **Felton** on three different occasions not to park his package car outside the building and to not take or hide his package car keys. See (**Exhibit: F**) First, Roberto **Vargas** was not Mr. **Felton**'s supervisor and had no authority to give Mr. **Felton** any instructions. **Vargas**'s responsibility lies with ensuring the package cars are properly loaded. Second, Hector **Sanchez** who is one of Mr. **Felton**'s supervisors instructed Mr. **Felton** to park his package car outside along the fence and had previously given Mr. **Felton** permission to hide his package car keys. See (**Exhibit: A, pages 6, 9, & 11**) & (**Exhibit: B, pages 11,12, & 14**) The only reason **Vargas** gave his testimony and written statement is because his supervisor Kenny **Klein** instructed him to do it to give the **Arbitrator** the appearance that Mr. **Felton** consistently fail to follow the instructions of supervisors. If **Local 804** would have made this information available to the **Arbitrator**, it would have made a difference and the **Arbitrator** would have not given **Vargas**'s statement any credibility.

<u>Panel Demand</u>- The **UPS and Local 804,** wanted the panel to consider; **(1) Was there just cause** for the termination of Mr. Jeffery **Felton**? If **not**, what shall be the remedy? **(2)** Did the **Company** violate the Collective Bargaining Agreement by refusing to allow Mr. **Felton** to remain on the job <u>until or unless</u> his discharge were sustained through the grievance process? If so, what shall be the remedy? And **(3)** Did the **Company** violate the Collective Bargaining Agreement by refusing to allow Mr. **Felton** to remain on the job until there was a hearing with the **Business Agent**? If so, what shall be the remedy? See (**Exhibit: G**)

**Item (1) Was there just cause** for the termination of Mr. **Felton**? If **not**, what shall be the remedy?

a) If that answer was **yes**, then Mr. **Felton** <u>would</u> have been found **guilty** of violating his last chance agreement and <u>discharge</u> would have been the appropriate remedy.

b) If the answer was **no**, then Mr. **Felton** <u>would not</u> have been found guilty of violating his last chance agreement and the appropriate remedy would have been to <u>reinstate</u> Mr. **Felton**. (In either case **pay**, would have **not** been an issue here)

**Item (2)** Did the **Company** violate the Collective Bargaining Agreement by refusing to allow Mr. **Felton** to remain on the job <u>until or unless</u> his discharge were sustained through the grievance process? If so, what shall be the remedy?

**\*<u>Important Note</u>**: I **highlighted** the phase <u>until or unless</u>. because it is important to understand that what the **UPS** and **Local 804** did was improperly **change** the **<u>Original Language</u>** of the **CBA** Article 12, Section (2), para (2) That **one** change left the **Arbitrator** with **<u>no choice</u>** but to **deny** Mr. **Felton** his right to back pay. Look at the **Actual Language** of what the **CBA** is saying and (**Compare**) you will see that the phase "<u>until or unless</u>" is **not** part of the original **CBA** Language. The **CBA** Language says "<u>unless **and** until</u>" See (**Exhibit: H, pages 1&2**) (It is **not** the same language and it makes a **world** of difference) That is the same thing as a **Judge** (**Company & UPS**) giving the **Jury** (**Arbitrator**) an "<u>Improper Jury Instruction</u>". **Cases have been over-turned because of an error like this**.

> a) Therefore, Mr. **Felton** (shall be allowed to remain on the job consistent with Article 7 of the National Master Agreement, **without** loss of pay unless **and** <u>until</u> "<u>the</u> <u>discharge or suspension is **sustained** under the grievance procedure.</u>" In this scenario, it is clear to see that the **UPS** "**did**" violate Mr. **Felton**'s right by refusing to allow Mr. **Felton** to remain on the job <u>unless **and** until</u> his discharge were sustained through the grievance process? **(If)** that argument had been made by **Local 804,** and reinforced with a copy of page **224** (**CBA** Article 12) as an attached see (**Exhibit: H**) Mr. **Felton** would **have been awarded** as a "**remedy**" **all back pay** <u>regardless</u> of being found to have **violated** his last chance agreement or **not.**

**Item (3)** Did the **Company** violate the Collective Bargaining Agreement by refusing to allow Mr. **Felton** to remain on the job until there was a hearing with the **Business Agent**? If so, what shall be the remedy?

> a) This item is **<u>inconsequential</u>** because **UPS** did meet with the **Business Agent**.

If **Local 804**, would have included these facts in their opening statement and made the Arbitrator aware of this information the **Arbitrator** would have had to award Mr. **Felton** all back pay in accordance with Article 12, sections (1) & (2). **Local 804**, had this information and refused to bring it to the attention of the **Arbitrator** even though Mr. **Felton** wanted this included in the opening statement.

<u>**At the Arbitration Hearing**</u>:

**Arbitrator-** He was supposed to be impartial, possessed no knowledge of the case other than what was supplied to him by **UPS** and **Local 804**. Any questions that he asks would have been to clarify any evidence that was presented to him so that he could make a fair decision based on that evidence **if** both parties **disagreed** with each other.

**UPS Panel-** They were supposed to get all the **inculpatory evidence** from the UPS <u>supervisors</u> who charged Mr. **Felton** with a violation and represent the **UPS Company's position**. (*Their*

*position was that Mr.* **Felton** *violated a regulation*) Any questions that they ask would have been to clarify any of the evidence that was presented during the Arbitration hearing.

**\*Dan Daly/Labor Manger representing UPS-** was supposed to **"and did"** collect and present all alleged **inculpatory evidence** and submit his **(opening statement)** with all exhibits supporting **UPS**'s belief that Mr. **Felton** violated rules and/or regulations. **(in compliance with Article 5, Section 5, Para. 5) He did that by:**

(1) Submitting an **(Opening Statement)** containing all the **inculpatory evidence** that he believed supported the company's position that Mr. **Felton** violated policy.
(2) Providing witnesses to give testimony containing **inculpatory evidence** that the company believes supported their position that Mr. **Felton** violated policy. They presented written statements and testimony from Hector **Sanchez**, **(Exhibit: 7)** Roberto **Vargas**, **(Exhibit: 8)** and Kenny **Klein**. **(Exhibit: 5)**, and by
(3) Providing supporting reference containing **inculpatory evidence** that the company believed supported the company's position that Mr. **Felton** violated policy. **(Exhibits: 1, 6, & 9)**

**Local Union Panel-** They are supposed to get all the **exculpatory evidence** from the Union representative who is representing Mr. **Felton** and represent **Local Union 804's position.** (*Their position was that Mr.* **Felton** *did not violate regulation*) Any questions that they ask would have been to clarify any of the evidence that was presented during the Arbitration hearing.

**\*Joe Forcelli/Business Agent representing Mr. Felton-** was supposed to collect "**and did collect**" but "**did not**" present all **exculpatory evidence** and submit his **(opening statement)** with all exhibits supporting **Local Union 804**'s position that Mr. **Felton** was innocent. In compliance with **Article 5, Section 5, Para. 5) He did not do this by:**

(1) Intentionally failing to provide an (Opening Statement) containing all the **exculpatory evidence** that he **had** at his disposal which would have supported Mr. **Felton**'s innocence **(in violation of Article 5, Section 5, Para. 5)** See **Local 804** Opening Statement (And compare **Local 804's** with the **company's**)
(2) Intentionally failing to provide written statement(s) and witness testimony to support their position that Mr. **Felton** did not violate any policy. (even though there was one available) Mr. Jack **DiDonato.**
(3) Intentionally failing to rebut the **contradictions** in the witness testimony, and **validity** of UPS's evidence.
(4) Intentionally failing to play (at the Arbitration hearing) the recordings that were admitted into evidence containing **exculpatory evidence** supporting Mr. **Felton**'s innocence.
(5) Intentionally failing to provide the one **exhibit** that would have supported the assertion that the **UPS** had in fact violated the Collective Bargaining Agreement when Mr. **Felton** was not allowed to work with pay while waiting for his arbitration **(in violation of Article 12, sect. 2, para 1 & 2).**
(6) Intentionally failing to (provide all the additional and agreed upon relevant **exculpatory evidence** that was developed over the 7 months prior to the Arbitration date), and by

12

(7) Intentionally failing to ensure that the minutes were taken to hide the evidence of undermining the arbitration process (**in violation of Article 18, Sect 1, para. (e)**

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on **January 7, 2017**

B.    The Equal Employment Opportunity Commission *(check one)*:

       ☐     has not issued a Notice of Right to Sue letter.

       **X**     issued a Notice of Right to Sue letter, which I received on **January 25, 2017**

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

       **X**     less than 60 days have elapsed.

## V.    Relief

**State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.**

1. From **May 2013,** thru **September 27, 2016,** there is <u>physical evidence</u> to support that Joshua S. **Pomeranz,** Esq. Eddie **Villalta,** Danny **Montalvo,** Kirk **Shocker,** Joe **Forcelli,** and Anthony **Cirulli,** all are or were representatives of **Local Union 804, International Brotherhood of Teamsters,** located at 34-21 Review Avenue, Long Island City, NY 11101, did conspire with John **Reinwald,** Hector **Sanchez,** and Dan **Daly** all agents of **United Parcel Service, (UPS)** and assigned to the **Foster Avenue Center,** located at 104-01 Foster Avenue, Brooklyn, NY 11236, to **violate** Mr. Jeffery **Felton's** right to Fair Union Representation during an **Arbitration Hearing** which took place on **September 27, 2016,** at **Cornell University,** 16 E. 34th Street, New York, NY 10003. by committing §105.05, **Conspiracy,** §170.05, §**Forgery,** 210.15 §**Perjury,** 215.10,

13

§**Tampering with a witness**, and §215.40, **Tampering with physical evidence,** (as defined in the **NYS Penal Law**)

2. Arrest warrant issued for prosecution of **NYS Penal Law** violations
3. That such discharge was **without "just cause"**
4. That the **Union breached its duty to fairly represent** the plaintiff's interests under the collective bargaining agreement.
5. That I be made whole in every way in addition to the following remedy: The employer should rescind discipline from employee record, pay all loss wages and benefits, in accordance with the National Master Agreement UPS Agreement Article 7, Local Union 804 Supplement Agreement, Article 5, 7, 12, & 18. And all other Articles that apply.
6. Pay all expenses I have incurred because of my wrongful discharge. Amount to be determined, and
7. That the court award punitive amount to be determined.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **April 12, 2017.**

Signature of Plaintiff _____

Printed Name of Plaintiff    Jeffery **Felton**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Debra L. Richards
Federal Investigator
Phone (212) 336-3768
Fax (212) 336-3624

Jeffery Felton
Po Box 1038
Bethlehem, PA 18016

Re: Jeffery Felton v. UPS
EEOC Charge No. : 520-2017-01064

Dear Mr. Felton:

The Equal Employment Opportunity Commission ("EEOC" or "Commission") has reviewed your charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, we have evaluated your charge based upon the evidence provided.

The EEOC can investigate allegations of employment discrimination based on Age, Sex, Disability, Race, Color, Religion, Genetic Information or National Origin that occur within 300 days of the filing of a charge. Your charge is past the 300 days and is untimely.

Enclosed is your Notice of Dismissal and Right to Sue. This determination is final. If you wish to pursue this matter on your own, you may file a lawsuit against the Respondent named in your charge in Federal District Court **within 90 days of receipt of your Notice of Dismissal and Right to Sue.**

Sincerely,

_____ for

Kevin J. Berry
District Director

JAN 25 2017

_____
Date

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Jeffery Felton<br>Po Box 1038<br>Bethlehem, PA 18016 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-01064 | Debra L. Richards,<br>Investigator | (212) 336-3768 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

JAN 25 2017

*(Date Mailed)*

Enclosures(s)

cc:  Darren Jones, Esq.
UNITED PARCEL SERVICE
55 Glen Lake Parkway NE
Atlanta, GA 30328