UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**JEFFERY FELTON**,                                          :
                                                             :
                              Plaintiff,                     :
                                                             :    **MEMORANDUM**
                       **- against -**                       :    **DECISION AND ORDER**
                                                             :
**LOCAL UNION 804, INTERNATIONAL**                           :
**BROTHERHOOD OF TEAMSTERS, UNITED**                         :    17-CV-2309 (AMD) (RML)
**PARCEL SERVICE**,                                          :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
------------------------------------------------------------ X
                                                             :
**JEFFERY FELTON**,                                          :
                                                             :
                              Plaintiff,                     :
                                                             :
                       **- against -**                       :
                                                             :
**LOCAL UNION 804, INTERNATIONAL**                           :
**BROTHERHOOD OF TEAMSTERS, EDDIE**                          :    **MEMORANDUM**
**VILLALTA, DANNY MONTALVO, KIRK**                           :    **DECISION AND ORDER**
**SHOCKER, JOE FORCELLI, MARK**                              :
**JOHNSON, JOSHUA S. POMERANZ, UNITED**                      :    17-CV-4803 (AMD) (RML)
**PARCEL SERVICE, JOHN REINWALD,**                           :
**KENNETH KLEIN, HECTOR SANCHEZ,**                           :
**ROBERTO VARGAS, DAN DALY, MATT**                           :
**HOFFMAN**,                                                 :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

   Before the Court are the defendants' motions to dismiss the *pro se* plaintiff's ninth

amended complaint, in which he claims that his union breached its duty to fairly represent him.

On March 5, 2019, I granted the defendants' motion to dismiss the plaintiff's complaint because

it failed to state a hybrid Section 301 Labor Management Relations Act/duty of fair

representation claim.[1]  (ECF No. 85.)  In light of the plaintiff's *pro se* status, I granted him leave

to amend his complaint, and explained that he must include specific factual allegations about the

defendants' arbitrariness and bad faith in order to sustain his claim.  (*Id.*)  On April 22, 2019, the

plaintiff filed his seventh amended complaint (ECF No. 87), and then eighth and ninth amended

complaints.  (ECF Nos. 88, 89.)  I deemed the ninth amended complaint the operative complaint.

The defendants moved to dismiss that complaint on November 21, 2019.  (ECF Nos. 97, 99.)

The plaintiff opposed the motion to dismiss and requested leave to file a tenth amended

complaint.  (ECF Nos. 102, 104.)  For the reasons that follow, the defendants' motion to dismiss

is granted and the plaintiff's request to file a tenth amended complaint is denied.

## BACKGROUND[2]

I assume the parties' familiarity with the underlying facts and incorporate them from my

prior order on the motion to dismiss.  (*See* ECF No. 85.)  As relevant here, UPS fired the

plaintiff, a member of Teamsters Local 804, on January 4, 2016 for "taking home package car

keys" in violation of UPS rules.  (ECF No. 89 ¶ 3.)  On January 12, 2016, the union submitted a

grievance to arbitration against UPS for unjust termination; the union assigned Joe Forcelli to be

---

[1]  The plaintiff filed his first complaint in New York State Supreme Court on March 23, 2017, which the
defendants removed to this Court.  (*Felton v. Local Union 804, Int'l Bhd. of Teamsters et al.*, No. 17-
CV-4803, ECF No. 1.)  He filed a separate complaint in federal court on April 12, 2017, which I
dismissed *sua sponte* with leave to amend.  (ECF No. 4.)  After the plaintiff filed multiple amended
complaints on both dockets, I ordered that the actions be consolidated.

[2]  For purposes of this motion, I accept as true the factual allegations in the operative complaint and draw
all inferences in the plaintiff's favor.  *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221,
227 (2d Cir. 2012).  In his operative complaint, the plaintiff relies on various policies, transcripts and
emails, and attaches them as exhibits.  (*See* ECF No. 89.)  Accordingly, I consider them in deciding this
motion.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); Fed R. Civ. P. 10(c)
("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all
purposes.").

the plaintiff's representative.  (*Id.* ¶ 5.)  The arbitration panel ultimately upheld the plaintiff's

termination.

The plaintiff alleges that Mr. Forcelli breached his duty of fair representation in

arbitrating the grievance.  (*Id.*)  Specifically, he claims that Mr. Forcelli withheld from the panel

critical evidence establishing that UPS's primary witness, Hector Sanchez, altered his version of

events leading to the plaintiff's termination.  (*Id.* ¶ 14 ("The evidence was irrefutable proof that

the UPS representative and its witnesses lied about the work incident that lead [sic] to Plaintiff's

wrongful termination and the Union representative, Joe Forcelli, . . . **arbitrarily** DID NOT

PRESENT PLAINTIFF'S EVIDENCE!!!").)  The plaintiff also alleges that Mr. Forcelli failed to

cross-examine adverse witnesses.  (*Id.* ¶ 10 ("The false statements from the Employer's

witnesses that went unchallenged by Joe Forcelli which lead [sic] the Panel to believe the UPS

witnesses were telling the truth.").)  According to the plaintiff, these failures constituted a breach

of Mr. Forcelli's duty to represent him fairly and caused him the "loss of his Arbitration and

career."[3]  (*Id.* ¶ 6.)

## LEGAL STANDARD

The plaintiff is proceeding *pro se*, so his pleadings must be held "to less stringent

standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

*accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009).  Still, a complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[3]  The plaintiff filed an additional submission on June 5, 2020, in which he responds to the union's
assertion that the arbitration panel had access to recordings that the plaintiff says demonstrate
inconsistencies in a witness's testimony.  (ECF No. 112.)  The plaintiff urges the Court to accept his
allegations that the union neither admitted the plaintiff's recordings into evidence nor presented them at
the hearing.  (*Id.* ¶¶ 10-13.)  On a motion to dismiss, the Court accepts as true all the factual allegations
in the plaintiff's operative complaint.  Therefore, I accept as true the allegations that the union
completely withheld the recordings, and did not submit them into evidence or present them to the
arbitration panel.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555).  Similarly, a complaint fails to state a claim "if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

557).

## DISCUSSION

### I.   Motion to Dismiss the Ninth Amended Complaint

"It is well established that a union has 'a statutory duty fairly to represent all of the

employees it represents, both in its collective bargaining and in its enforcement of the resulting

collective bargaining agreement.'" *Figueroa v. Foster*, 864 F.3d 222, 229 (2d Cir. 2017)

(quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (quotation marks and alterations omitted)).  To

establish a breach of the duty of fair representation, a plaintiff must (1) "prove that the union's

actions or inactions are either arbitrary, discriminatory, or in bad faith," and (2) "demonstrate a

causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Vaughn

v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citations and quotation marks

omitted).

"A union's actions are 'arbitrary only if, in light of the factual and legal landscape at the

time of the union's actions, the union's behavior is so far outside a wide range of reasonableness

as to be irrational.'" *Id.* (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)).

"Tactical errors are insufficient to show that the union acted arbitrarily; even negligence on the

4

union's part does not give rise to a breach." *Wolfinger v. Consol. Edison Co. of N.Y., Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *6 (E.D.N.Y. July 31, 2018) (quoting *Vaughn*, 604 F.3d at 709) (internal quotation marks and alterations omitted).  A finding of "bad faith requires a showing of fraudulent, deceitful or dishonest action." *White v. White Rose Food, a Div. of Digorgio Corp.*, 237 F.3d 174, 179 (2d Cir. 2001) (quoting *Sim v. N.Y. Mailers' Union No. 6*, 166 F.3d 465, 472 (2d Cir. 1999) (alteration omitted)).

Given these standards, a plaintiff bears an "enormous burden" in establishing that his union breached this duty.  *Wolfinger*, 2018 WL 3637964, at *6 (quoting *Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, No. 05-CV-2566, 2005 WL 1661093, at *7 (E.D.N.Y. July 14, 2006)).  A district court's review of an alleged breach of a union's duty of fair representation is "highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities."  *O'Neill*, 499 U.S. at 78 (citations omitted).

I dismissed the sixth amended complaint because the plaintiff's allegations—that Mr. Forcelli did not argue that UPS breached Articles 7 and 12 of the CBA, did not give the opening statement that the plaintiff wanted, declined to present certain evidence, did not ask questions that the plaintiff submitted, did not discuss past wrongful disciplinary actions by UPS and did not cross-examine UPS's witnesses—demonstrated, at most, negligence on the union's part.  (ECF No. 85.)  The question before me now is whether the allegations in the ninth amended complaint demonstrate that the Union acted irrationally or in bad faith in representing the plaintiff.  I find that they do not.

To be sure, the allegations in the ninth amended complaint are more specific about the plaintiff's interactions with Mr. Forcelli.  As the plaintiff describes it, Mr. Forcelli praised the evidence that the plaintiff gathered, including some transcripts; the plaintiff attaches emails in

which Mr. Forcelli characterizes the evidence as critical to the case.  (ECF No. 89 ¶ 6; *Id.* Ex. 5

("I have informed them of the transcripts.  It will be interesting to see their response when they

see the conflicting statements by their supervisors.  I would like them to be in possession of the

materials next week, to see if they are interested in dropping their case with the new evidence

and the manager out of the picture.").)  The plaintiff also claims that Mr. Forcelli withheld the

evidence from the panel, which the plaintiff says was either irrational or the product of a bad

faith effort to protect UPS.  (ECF No. 104 at 10.)

　　　The conduct that the plaintiff alleges, while troubling if true, is not "so egregious as to be

evidence of bad faith and failure fairly to represent [the plaintiff]."  *Barr v. United Parcel Serv.,*

*Inc.*, 868 F.2d 36, 43 (2d Cir. 1989).  As a contrast, it is helpful to look at cases in which

plaintiffs' allegations were sufficient to state a duty of fair representation claim; in those cases,

the unions did nothing at all to represent the plaintiffs.[4]  In *Passante v. New York State Nurses*

*Association*, Passante alleged that the union did not notify her that her grievance hearings were

scheduled, and that her grievances were denied because she did not appear for the hearings.  No.

10-CV-087, 2010 WL 2425953, at *3 (N.D.N.Y. June 11, 2010).  The court held that the union's

handling of the grievance was "not a tactical decision but rather an arbitrary omission—an

omission that may have involved either no decision at all or a decision made in reckless

disregard of Passante's rights."  *Id.*  Similarly, in *Thomas v. Little Flower Rehabilitation &*

*Nursing*, Thomas alleged that the union failed entirely to initiate or process her grievance and

then falsely represented that it was negotiating a settlement.  793 F. Supp. 2d 544, 548-49

(E.D.N.Y. 2011).  The court held that these allegations amounted to arbitrary conduct sufficient

---

[4]  The plaintiff objects to the defendants' citation to case law and the Court's reliance on it.  (ECF No. 93.)  While it may be frustrating for the plaintiff, looking at decisions in similar cases is part of what judges do in determining whether a complaint is sufficient.

to state a duty of fair representation claim. *Id.* at 549. In each of these cases, the union's defense

of its member was grossly deficient, because of the union's complete failure to act on its

member's grievance.

But when the union does act on a grievance, as the union did here, its failure to present

specific evidence during an arbitration is not sufficient to form the basis of an unfair

representation claim. *See Martino v. Metro N. Commuter R. Co.*, 582 F. App'x 27, 28-29 (2d

Cir. 2014) (summary order) (affirming dismissal of hybrid § 301 LMRA claim where the

plaintiff alleged that the union failed to "object to prior disciplinary history," "advance [a]

'crucial' argument," and "present certain witnesses"); *Guerrero v. Soft Drink & Brewery*

*Workers Union*, No. 15-CV-911, 2016 WL 631296, at *4 (S.D.N.Y. Feb. 16, 2016) ("[T]he

union's failure to call certain witnesses at the hearing, and the union's failure to allege or argue

fraud against [the employer] for the [employee's] intentional misrepresentation to the shop

steward," were unactionable "tactical missteps."); *Mussafi v. Fishman*, No. 12-CV-2071, 2012

WL 5473874, at *5 (S.D.N.Y. Nov. 12, 2012) (dismissing hybrid § 301 LMRA claim that the

union failed to produce a video recording and call a witness that the plaintiff "assert[ed] would

support his account"); *Dennis v. Local 804*, No. 07-CV-9754, 2009 WL 1473484, at *5

(S.D.N.Y. May 27, 2009) (granting motion to dismiss hybrid § 301 LMRA claim where the

plaintiff alleged that "the Union's attorney representing him at the arbitration refused to present

available evidence in his defense or to call certain witnesses").

The conduct that the plaintiff alleges, while obviously upsetting to the plaintiff, is not the

type of conduct that was alleged in *Passante* and *Thomas*—a complete failure to act. Rather, the

plaintiff's allegations establish only that the union failed to present specific evidence which, as

described above, is not sufficient to form the basis of an unfair representation claim. The

plaintiff argues that his case is distinguishable because he has recorded evidence of the union's conduct:

> [The defendants] can refer to case laws all they want. None of the charging parties in those cases against the Unions had the type of rare irrefutable evidence or exhibits that the Plaintiff possess[es] in this case. Those other victims that filed charges against the Union did not record the Union and were not be able to prove what was discussed and arranged with the Union which makes their claims hearsay. There is no hearsay in this case.

(ECF No. 104 at 2); *see also* (ECF No. 93 at 2-3 ("All allegations against those different Unions are very similar to the Plaintiff, Jeffrey Felton's claim against Local Union 804. . . . The fact is, those cases and the Plaintiff's claim in this case have a **GLARING** difference. In those other cases, **NONE** of those Plaintiffs alleged or proved that their Unions **ACCEPTED** and **AGREED TO PRESENT** their preferred evidence which is **entirely** different. Unfortunately, none of those poor victims **recorded** their **corrupted** Union representatives and the victims in the case laws were unable to prove that their Union representative agreed to use and present their preferred evidence.").) But the strength of the plaintiff's evidence is not relevant on a motion to dismiss because the Court already assumes the truth of the plaintiff's allegations and then considers whether they state a claim for unfair representation. *See Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 144 (S.D.N.Y. 2004) ("Of course, on a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable factfinder to find defendants liable."). As discussed above, the plaintiff's allegations do not state a claim for unfair representation. Accordingly, the ninth amended complaint is dismissed.

## II.   Motion for Leave to File a Tenth Amended Complaint

When the time to amend a pleading as a matter of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2).  "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The plaintiff argues that he should be permitted to file a tenth amended complaint because his understanding of the union's legal obligations has evolved over the course of the litigation.  (ECF No. 101.)  The defendants counter that the plaintiff has filed ten insufficient complaints, failed to cure the deficiencies identified by the Court and caused the defendants significant delay.  (ECF No. 105.)  The defendants also argue that the proposed tenth amended complaint is deficient, so that granting the amendment would be futile.  (*Id.*)  Because the allegations in the plaintiff's tenth amended complaint are also insufficient to plead a breach of the duty of fair representation claim, I deny the motion for leave to amend.

The plaintiff's allegations about Mr. Forcelli's conduct are not materially different from those in his prior complaints.  (ECF No. 102 ¶¶ 56-79.)  For the reasons stated above, those allegations are insufficient to state a duty of fair representation claim.  The plaintiff's new allegations concern the conduct of Mark Johnson, the union's business agent, in handling the investigation into the plaintiff's grievance.  The plaintiff claims that Mr. Johnson breached his duty by (1) not asking UPS certain questions during a January 18, 2016 meeting, (2) diluting the contents of the plaintiff's grievance, (3) not confronting UPS management about its violations of the CBA, and (4) ignoring the plaintiff's calls, texts and emails about the case.  (*Id.* ¶¶ 12-34.)  Ultimately, Mr. Forcelli took over the plaintiff's representation, and pursued his case to arbitration.  (*Id.* ¶ 39.)

"Included in the union's duty of fair representation is the fair and prompt consideration and, if dictated by controlling legal standards, processing on behalf of employees of their claims under contract dispute resolution procedures." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1153 (2d Cir. 1994) (citation and internal quotation marks omitted). "When an employee claims that the union's decision not to file a grievance is a breach of the duty of fair representation, courts typically seek to determine whether the union's conduct can be characterized as arbitrary." *Clarke v. Commc'ns Workers of Am.*, 318 F. Supp. 2d 48, 56 (E.D.N.Y. 2004) (collecting cases). "A union acts arbitrarily in failing to initiate or process a grievance when it 'ignores or perfunctorily presses a meritorious claim.'" *Thomas*, 793 F. Supp. 2d at 548 (quoting *Samuels v. Air Transport Local 504*, 992 F.2d 12, 16 (2d Cir. 1993) (citation omitted)).

The union here pursued the plaintiff's grievance to arbitration. Therefore, the plaintiff cannot assert a claim that the union failed to initiate or process his claim. In other words, since the union ultimately arbitrated the plaintiff's claim, the "question of whether the representation during the arbitration was ineffective to the point of breach rests on an evaluation of the outcome of the grievance procedure." *Fagundes v. Lane*, No. 12-CV-1634, 2014 WL 1276373, at *6 (E.D.N.Y. Mar. 27, 2014). As discussed above, the plaintiff has not stated a claim that Mr. Forcelli breached the duty of representation in arbitrating the plaintiff's claim. Accordingly, the allegations in the proposed tenth amended complaint are still insufficient.

The plaintiff has filed ten complaints over the past three years. I have considered and dismissed two of them, and find that the proposed tenth amended complaint does not cure the issues that I previously identified. Further, the defendants are being prejudiced by having to

respond to multiple iterations of the same insufficient complaint.  Accordingly, I deny the plaintiff leave to amend his complaint.

**CONCLUSION**

The defendants' motion to dismiss is granted and the plaintiff's request to file a tenth amended complaint is denied.  The case is dismissed with prejudice and the Clerk of Court is requested to close this case.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      June 11, 2020